UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLTON VOSE,<br>    Plaintiff,<br><br>v.<br><br>CITY OF PAWTUCKET; RICHARD J. GOLDSTEIN, in his capacity as City Clerk for the City of Pawtucket; CHRISTOPHER DUPONT, individually and in his capacity as a police officer employed by the City of Pawtucket; CRAIG LETOURNEAU, individually and in his capacity as a police officer employed by the City of Pawtucket; JESS VENTURI, individually and in his capacity as a police officer employed by the City of Pawtucket; PETER GRAHAM, in his individual capacity; and PAUL KING individually and in his capacity as a police chief employed by the City of Pawtucket,<br>    Defendants. | C.A. No. 18-620-JJM-PAS |

ORDER

Carlton Vose sued the City of Pawtucket, three of its police officers, the Chief of Police, and the City Clerk. He also sued Peter Graham, an investigator in the Protective Services and Elder Justice Division of the Rhode Island Division of Elderly Affairs.[1] Mr. Vose brings nine claims in his Second Amended Complaint, two under

---

[1] This organization is now known as the Rhode Island Office of Healthy Aging.

federal 42 U.S.C. § 1983 law and seven under Rhode Island common law, arising out of his arrest and conviction for neglecting his elderly mother.[2]

Defendants now move for Judgment on the Pleadings on several grounds, specifically under the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), and qualified immunity. ECF Nos. 41, 42. The Court will look at *Heck* first as it is dispositive. In *Heck*, the United States Supreme Court held that a plaintiff cannot pursue a civil claim if the recovery on that claim would imply the invalidity of a criminal conviction unless that plaintiff first established that the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (1994); *Thore v. Howe*, 466 F.3d 173, 179-80 (1st Cir. 2006). Mr. Vose's complaint here is based on the six counts of criminal neglect of an adult with severe impairments for which he was convicted and sentenced to serve five years. The fact that Mr. Vose has appealed this conviction does not matter according to *Heck* because the critical factor is whether a court has overturned the conviction. That has not happened in this case. *See Poynter v. Russo*, Civ. Action No. 13-1129, 2013 WL 4052784, at *1 (D.D.C. August 12, 2013) (dismissing a civil lawsuit alleging unconstitutional conduct by law enforcement

---

[2] The § 1983 claims are for False Arrest and False Imprisonment in violation of the Fourth Amendment (Count One) and Malicious Prosecution in Violation of the Fourth, Fifth, and Fourteenth Amendments (Count Three). The state law claims are for False Arrest and False Imprisonment in violation of the Rhode Island Constitution (Count Two); False Arrest (Count Four) Malicious Prosecution (Count Five); Civil Conspiracy (Count Six); Conversion (Count Seven); Perjury (Count Eight); and Damage to Property (Count Nine).

while the conviction was on appeal); *Lewis v. Kennemore*, Civil No. 4:17-cv-04051, 2018 WL 889485, at *2 (W.D. Ark. Feb. 14, 2018) (same). Considering *Heck*, the Court dismisses Mr. Vose's federal claims.

Without the federal claims, the Court needs to reassess its jurisdiction. "Where a federal court has dismissed the anchoring federal claims over which it has original jurisdiction, the court 'may decline to exercise supplemental jurisdiction' over the remaining state law claims." *Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015) (quoting 28 U.S.C. § 1367(c)(3)); *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998). This decision "depends on a 'pragmatic and case-specific evaluation of a variety of considerations,' including 'the interests of fairness, judicial economy, convenience, and comity.'" *Desjardins*, 777 F.3d at 45 (quoting *Camelio*, 137 F.3d at 672).

The Court has evaluated all the factors and balanced the competing interests and finds that Mr. Vose should litigate the remaining state claims in state court. So, the Court GRANTS Defendants' Motion for Judgment on the Pleadings (Counts 1 and 3 with prejudice and Counts 2, and 4-9 without prejudice). ECF Nos. 41 and 42.

IT IS SO ORDERED

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
Chief Judge
United States District Court

May 1, 2020

3